Honorable Charles W. Evans Chairman, Committee on Judicial Affairs Texas House of Representatives Austin, Texas
Re: Whether former district judges who are not eligible for retirement may be assigned under article 200a, V.T.C.S.
Dear Chairman Evans:
You have requested our opinion regarding the recent amendments to article 200a, V.T.C.S., which relate to the assignment of former district judges. You first ask whether a former district judge who has either not accrued sufficient creditable service for retirement or who has not yet reached the age of retirement may be assigned as a special judge pursuant thereto.
Prior to the amendment, section 5a of article 200a provided for the special assignment of `regular district judges' and of district judges retired pursuant to article 6228b, V.T.C.S. Section 5a now includes within the group available for assignment
 all former district judges who were elected at a general election or appointed by the governor; who have not been defeated for reelection; who have not been removed from office by impeachment, the Supreme Court, the governor upon address of the legislature, the State Judicial Qualifications Commission, or by the legislature's abolishment of the judge's court; who are not more than 70 years of age; and who certify to the presiding judge a willingness to serve and to comply with the same prohibitions relating to the practice of law that are imposed on a retired judge by Section 7, Article 6228(b) of the Revised Civil Statutes of Texas, 1925, as amended or hereinafter amended. . . .
V.T.C.S. art. 200a, § 5a, Acts 1977, 65th Leg., ch. 115, at 248. Under this provision all former judges who have not yet retired are eligible for assignment as special judges, so long as they have not been defeated for reelection, have not been removed from office, are not more than 70 years of age, and have made the certification required by section 7 of article 6228b. Accordingly, it is clear that a former district judge, if he fulfills such conditions, is eligible for assignment as a special judge, whether or not he is presently eligible for retirement under article 6228b. Those persons to whom article 200a was already applicable prior to its amendment — `retired' and regular district judges — are not affected by the amendment. Any `retired' judge who has `consented to be subject to assignment' remains eligible for service.
You also ask whether a former district judge who is serving an assignment accrues additional creditable service toward retirement during the period of such assignment. The amended version of section 5a of article 200a provides that a former district judge, not yet retired, shall be paid
 the same amount of compensation, salary, and expenses that the regular judge is entitled to receive from the county and from the state for such services.
We believe that such `compensation' may be said to embrace such accrual of creditable service toward retirement as a `regular judge' receives under article 6228b. That statute, which describes the procedure for accrual of creditable service based on judicial tenure, makes no distinction between service rendered by a regular judge and that performed by a judge appointed pursuant to article 200a. It is therefore our opinion that a former district judge, not yet retired, who is assigned as a special judge under the provisions of article 200a, accrues additional creditable service toward retirement during the period of such assignment.
 SUMMARY
A former district judge is eligible for assignment as a special judge if he fulfills certain requirements under article 200a, V.T.C.S., without regard to whether or not he is presently eligible for retirement. A former district judge, not yet retired, who is assigned as a special judge under the provisions of article 200a, accrues additional creditable service toward retirement during the period of such assignment.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee